FILED

2010 May-07  PM 01:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **TRACFONE WIRELESS, INC.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **OPPOSED MOTION** |
| | ) | |
| | ) | **CIVIL ACTION: 2:10-cv-552-KOB** |
| **ALABAMA COMMERCIAL** | ) | |
| **MOBILE RADIO SERVICE** | ) | |
| **EMERGENCY TELEPHONE** | ) | |
| **SERVICES BOARD, ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANTS' REPLY ON MOTION TO DISMISS

TracFone has failed to answer the Alabama Defendants' motion to dismiss with any binding or persuasive authority. The Alabama Defendants offer the following in reply.

## 1.     The Court should deny TracFone's motion to strike.

First, on a procedural note, it appears that TracFone has all but abandoned its motion to strike the Alabama Defendants' motion to dismiss. *See* Doc. 54. In its opposition, TracFone states that all three grounds for dismissal are 12(b)(1) challenges. Doc. 64 at 6 n.3. Rule 12(b)(1) challenges can be raised at any time. "If the court determines at any time that it lacks subject matter jurisdiction, the court

must dismiss the action." FED. R. CIV. P. 12(h)(3). Even if abstention is considered a Rule 12(b)(6) ground, that ground can be raised in a Rule 12(c) motion for judgment on the pleadings or at trial. FED. R. CIV. P. 12(h)(2). *See* Doc. 55 at 6–9. The Court should therefore deny TracFone's motion to strike.

### 2.     *Younger* abstention requires dismissal out of deference to Alabama's pending civil enforcement action.

Second, TracFone has no valid response to the Alabama Defendants' *Younger* abstention argument. It simply accuses the Alabama Defendants of failing to cite two Eleventh Circuit decisions: *Green v. Jefferson County Comm'n*, 563 F.3d 1243 (11th Cir. 2009), and *Wexler v. Lepore*, 385 F.3d 1336 (11th Cir. 2004). Doc. 64 at 14–17. The Alabama Defendants did not cite those cases because they do not apply. As both *Green* (563 F.3d at 1250) and *Wexler* (385 F.3d at 1339) recognize, *Younger* abstention requires a pending prosecution, either criminal or civil, in state court against the federal plaintiff. *See Trainor v. Hernandez*, 431 U.S. 434, 440–44 (1977); *Doran v. Salem Inn*, 422 U.S. 922, 927–29 (1975); *Huffman v. Pursue*, 420 U.S. 592, 599–605 (1975). Neither *Green* nor *Wexler* involved a state court prosecution. Instead, those cases involved a challenge to a Jefferson County's pension plan and the State of Florida's touch-screen voting system, respectively. 563 F.3d at 1245; 385 F.3d at 1338.

*Green* and *Wexler* do not support TracFone's argument that *Younger* abstention does not apply to federal constitutional challenges to state statutes. *See* Doc. 64 at 16. If that were so, it would gut *Younger* abstention. The point of the doctrine is to prevent a state court defendant who has violated state law from derailing the state's prosecution by filing a federal constitutional challenge to the statute being enforced against it. *See generally* 17A MOORE'S FEDERAL PRACTICE 3D § 122.05 (2010); 17B WRIGHT, MILLER, COOPER & AMAR, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 3D §§ 4252, 4254 (2007). In each of the Supreme Court's cases applying *Younger* in the context of state criminal or civil prosecutions, the state court defendant filed a federal suit challenging the constitutionality of the state statute being enforced. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 427–29 (1982); *Moore v. Sims*, 442 U.S. 415, 418–23 (1979); *Trainor*, 431 U.S. at 435–38; *Doran*, 422 U.S. at 924–25; *Hicks v. Miranda*, 422 U.S. 332, 334–38 (1975); *Huffman*, 420 U.S. at 595–99; *Samuels v. Mackell*, 401 U.S. 66, 67 (1971); *Younger v. Harris*, 401 U.S. 37, 38–39 (1971). TracFone's lawsuit is thus "a textbook case for *Younger* abstention." *Carroll v. City of Mt. Clemens*, 139 F.3d 1072, 1075 (6th Cir. 1998). The Court can dismiss TracFone's amended complaint on this ground alone.

3.      **The Johnson Act also bars federal jurisdiction.**

Third, TracFone has failed to explain how the Court can avoid the Johnson Act. As an initial matter, TracFone erroneously characterizes the Alabama Defendants' jurisdictional challenge under the Johnson Act as a "facial attack" on subject matter jurisdiction. Doc. 64 at 6. But there is no dispute that the face of TracFone's complaint invoked federal question jurisdiction under 28 U.S.C. § 1331 by asserting claims under 42 U.S.C. § 1983. Doc. 1 ¶¶ 16, 18; Doc. 27 ¶¶ 14, 18.  The complaint was thus not subject to a "facial" attack.  *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).

Instead, the Alabama Defendants have asserted a "factual attack" challenging the existence of this Court's subject matter jurisdiction—"the very power to hear the case"—pursuant to the Johnson Act and sovereign immunity. *Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir. 1990). A "factual attack" challenges "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* In a "factual attack," the trial court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* "In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself

4

the merits of jurisdictional claims." *Id.* Once a defendant makes a factual attack on the court's jurisdiction, submitting evidentiary materials, the plaintiff is then "also required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction." *Paterson v. Weinberger,* 644 F.2d 521, 523 (5th Cir. 1981). The Alabama Defendants supported their "factual attack" on subject matter jurisdiction by attaching affidavits and other matters outside the pleadings. *See* Doc. 28 Exs. 1–4; Doc. 50 Exs. 1–3. TracFone has not met (and cannot meet) its burden of proving the existence of subject matter jurisdiction.

Rather than produce any evidence supporting subject matter jurisdiction, TracFone instead attempts to convince the Court that Judge Gold "expressly rejected" the Alabama Defendants' Johnson Act argument prior to transfer and argues that his holding is binding on this Court as law of the case. Doc. 64 at 5, 7. TracFone is wrong on both counts. Judge Gold did not "reject" or otherwise rule on the Alabama Defendants' jurisdictional argument under the Johnson Act.  In the transfer order, Judge Gold expressly placed all non-venue grounds for dismissal in abeyance "so that issues regarding the propriety of venue could be resolved on an expedited basis." Doc. 37 at 3 n.1. TracFone acknowledged this in two ways. First, the papers it filed in Florida only addressed venue; they did not join issue on any

other ground for dismissal. *See* Docs. 31, 34. Second, TracFone admitted at the hearing before Judge Gold that venue was the only issue pending before the court. *See* Doc. 63 Ex. B at 5 ("Mr. Baldinger: .... [W]e're only here on venue, and I believe your Honor's order directed the parties to stay all other deadlines. So there were a number of issues raised in the motion to dismiss. We only filed a response to your order regarding venue and we're prepared to go forward on that."). The record also shows that Judge Gold did not rule on any of the non-venue grounds raised in the Alabama Defendants' original motion to dismiss. Doc. 37 at 10.

TracFone also twists a parting observation made by Judge Gold into something it is not. After concluding that the Southern District of Florida was an improper venue, Judge Gold justified his decision to transfer (not dismiss) the case by stating that venue did not exclusively lie in state court, as the Alabama Defendants had argued (Doc. 35 at 6–7). *See* Doc. 37 at 10 & n.8.  He observed that, notwithstanding the Johnson Act, federal courts are free to "exercise their equity powers to relieve against arbitrary action."  *Id.* at 10 n.8 (quoting *City of Meridian v. Mississippi Valley Gas Co.*, 214 F.2d 525, 526 (5th Cir. 1954)). In other words, he simply noted that federal jurisdiction *can* exist, not that it *does* exist. Judge Gold's parting observation did not address (much less reject) the Alabama Defendants' *jurisdictional* argument under the Johnson Act.  In the entire

10-page order, there is no discussion or fact-finding regarding the merits of the Defendants' jurisdictional argument under the Johnson Act or what, if any, "arbitrary action" was taken by the Defendants to render the Johnson Act inapplicable. The "arbitrary action" found in *City of Meridian* was the City's adoption of a gas rate ordinance without notice or hearing. *City of Meridian*, 214 F.2d at 525–27. Where, as here, the order affecting rates was adopted after reasonable notice and a hearing, *City of Meridian* does not apply. *See* Doc. 50 at 14–15 (distinguishing *City of Meridian* and discussing *City of Monroe, La. v. United Gas Corp.*, 253 F.2d 377 (5th Cir. 1958)).

Even if Judge Gold's parting observation could be considered an express rejection of the Alabama Defendants' jurisdictional argument under the Johnson Act, the "law of the case" doctrine is inapplicable to interlocutory orders. *Gregg v. U.S. Industries, Inc.*, 715 F.2d 1522, 1530 (11th Cir. 1983) ("law of the case applies only where there has been a final judgment and not to interlocutory rulings") (citing *U.S. v. United Smelting, Refining & Mining Co.,* 339 U.S. 186, 199 (1949)). Federal Rule of Civil Procedure 54(b) provides that until the court expressly directs entry of final judgment, "any order or other decision…may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Rule 54 applies equally to cases transferred or

assigned to new judges. 18B WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND

PROCEDURE: JURISDICTION 2D § 4478.1 (2002).

> The basic themes that apply to same-judge reconsideration carry forward to situations in which one trial-court judge is asked to reconsider a ruling by another trial-court judge. Despite the desire to avoid an approach that would reward a disappointed party's efforts to replace one judge with another, a successor judge must be free to attempt the best possible disposition of the case. As one court remarked, it would hardly do to reverse a correct ruling by the second judge on the simplistic ground that it departed from the "law of the case" established by an earlier ruling.

*Id.*, at 707. The cases TracFone cites to support its "law of the case" argument are

inapposite. In *Heathcoat v. Potts,* the Eleventh Circuit held that *its* prior decision

regarding an appeal in the same case was the law of the case. 905 F.2d 367, 370

(11th Cir. 1990) ("Under the "law of the case" doctrine, the 'findings of fact and

conclusions of law *by an appellate court* are generally binding in all subsequent

proceedings in the same case in the trial court or on a later appeal.'") (emphasis

added) (internal citations omitted). *In re Miller* is even less relevant; it concerned

an order setting the deadline for filing bankruptcy claims prior to transfer. 485 F.2d

74, 76 (5th Cir. 1973).


Setting aside its meritless procedural arguments, TracFone cannot overcome

the substance of the Johnson Act. The case satisfies all the statutory requirements

of the Johnson Act. *See* Doc. 50 at 7–16.

8

Nonetheless, TracFone argues that the Johnson Act does not apply because it is challenging a statute enacted by the Alabama Legislature. Doc. 64 at 8–9. But TracFone's amended complaint reveals that it is not challenging any statute enacted by the Alabama Legislature or the wireless 911 charge itself, which was set by statute. Rather, TracFone is challenging an order affecting that rate, namely, ALA. ADMIN CODE § 225-1-3-.01, the Wireless 911 Board's regulation making the wireless 911 charge applicable to "prepaid connections." *See* Doc. 27 ¶¶ 37, 46, 66–67. TracFone wants to reduce the wireless 911 rate on all its prepaid connections from 70¢ to 0¢, which would obviously restrain the operation of "any order affecting rates chargeable by a public utility and made by a State administrative agency" in the language of the Johnson Act. 28 U.S.C. § 1342.

TracFone has failed to submit any evidence that the Wireless 911 Board's regulation making the wireless 911 charge applicable to prepaid connections interferes with interstate commerce. Doc. 64 at 11–12. Despite TracFone's claim, Alabama cannot collect wireless 911 charges from customers "who do not use their phones in Alabama." *Id.* at 12. By law, the charge only applies to prepaid connections that have "a place of primary use" within the State of Alabama. ALA. CODE § 11-98-7(b)(1); ALA. ADMIN. CODE § 225-1-3-.01. In addition, this Court is

not bound to accept as true TracFone's bald assertion that the regulation interferes

with interstate commerce. According to leading commentators:

> The second condition, requiring that the order "does not interfere with
> interstate commerce," is also of doubtful meaning and limited
> importance. It applies when a state attempts to set rates in a field
> preempted by Congress and possibly that is its only meaning. Most
> attempts to argue that an order interferes with interstate commerce
> have been rejected.

17A WRIGHT, MILLER, COOPER & AMAR, FEDERAL PRACTICE AND PROCEDURE:

JURISDICTION 3D § 4236, at 234–35 (2007). The wireless 911 charge does not

discriminate against interstate commerce, as the Circuit Court of Madison County

recently held. *See* Doc. 50 Tab 2. Instead, it applies "uniform[ly]" to both in-state

and out-of-state wireless providers. *See* ALA. CODE § 11-98-7(b)(1); ALA. ADMIN.

CODE § 225-1-3-.01. The Alabama Defendants' have cited several cases in which

federal courts have found that state agency orders applicable to intrastate telephone

rates do not interfere with interstate commerce. *See* Doc. 50 at 10–11.  TracFone

apparently has no answer to these cases.


The record refutes TracFone's argument that it did not have reasonable

notice or a right to a hearing prior to the enactment of the wireless 911

charge. Doc. 64 at 12–13. The statute itself gave TracFone general notice of the

Wireless 911 Board's authority to "promulgate such rules and regulations as may

be necessary to effect the provisions of this section." Ala. Code §11-98-7(b)(7).

The Alabama Defendants have also submitted specific evidence that the regulation making the wireless 911 charge applicable to prepaid connections was promulgated after reasonable notice and hearing pursuant to the Alabama Administrative Procedure Act, ALA. CODE §§ 41-22-1, *et seq.* Doc. 50 at 13 & Tab 3.  TracFone has not (and cannot) produce anything to dispute that fact.

TracFone has also failed to show that it lacks a plain, speedy, and efficient remedy in state court. The Alabama Defendants met their burden of showing that TracFone has such a remedy via a counterclaim against the Wireless 911 Board in the civil enforcement action pending in the Circuit Court of Madison County, Alabama. Doc. 50 at 15–16. TracFone has failed to produce any evidence that this would not be a plain, speedy, and efficient remedy. Like its competitor T-Mobile (*see id.* Tab 2), TracFone is free to adjudicate its constitutional objections in state court and seek review from the United States Supreme Court, which is all the Johnson Act requires. *See Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 514–15 & n.19 (1981). The fact TracFone may not be able to sue individual board members in state court is irrelevant. By its own admission, TracFone only sued those defendants in this action to get around the Eleventh Amendment. *See* Doc. 64 at 22–23.

Because the Johnson Act's statutory prerequisites have all been satisfied, the Court should dismiss the case on this ground as well.

**4.    Sovereign immunity bars TracFone's claim against the Wireless 911 Board.**

Fourth, TracFone's argument against sovereign immunity is barred by binding precedent from the Eleventh Circuit and the persuasive decision of Judge Johnson in Alabama's civil enforcement action. *Miccosukee Tribe v. Fla. State Athletic Comm'n*, 226 F.3d 1226 (11th Cir. 2000). In their motion to dismiss, the Alabama Defendants argued that the Eleventh Circuit Court rejected TracFone's "fiscal autonomy" argument in *Miccosukee Tribe*. Doc. 50 at 28–29. TracFone does not address or distinguish *Miccosukee Tribe* because it is directly on point. In addition, TracFone has abandoned its specious argument that the Wireless 911 Board waived sovereign immunity by accepting federal funds. *Compare* Doc. 49 at 9 *to* Doc. 64 at 17–19; *see* Doc. 50 at 26–28. Thus, TracFone has failed to make any showing that the Wireless 911 Board is not entitled to sovereign immunity.

The Court should dismiss this case on any or all of the grounds raised by the Alabama Defendants' motion.

Respectfully submitted,

/s/ *Scott Burnett Smith*

Scott Burnett Smith

OF COUNSEL:

Daniel Kaufmann

BRADLEY ARANT BOULT CUMMINGS LLP

200 Clinton Avenue West, Suite 900

Huntsville, AL 35801-4900

Telephone: (256) 517-5100

Facsimile: (256) 517-5200

E-Mail:     dkaufmann@babc.com

            ssmith@babc.com

*Attorneys for Defendants,*
*Alabama Commercial Mobile Radio*
*Service Emergency Telephone Services*
*Board, Roger Wilson, Johnny Hart,*
*Bill Brodeur, Leslie Bonet, Bobby*
*Singleton, Tommy Sherer and*
*Jeremiah Knight*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 7, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> James S. Williams, Esquire
> Steve R. Geisler, Esquire
> Marcus M. Maples, Esquire
> SIROTE & PERMUTT, P.C.
> 2311 Highland Avenue South
> Post Office Box 55727
> Birmingham, AL  35255-5727

> Steven J. Brodie, Esquire
> Aaron Weiss, Esquire
> 100 Southeast Second Street, Suite 4000
> Miami, Florida 33131-9101

> James B. Baldinger, Esquire
> 525 Okeechobee Blvd., Suite 1200
> West Palm Beach, FL 33401-6350

> *Attorneys for Plaintiff*

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

> *NONE*

> /s/ Scott Burnett Smith
> _____
> OF COUNSEL