IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TRACFONE WIRELESS, INC., | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| v. | ]   CV-10-BE-0552-S |
| | ] |
| ROGER WILSON, et al., | ] |
| | ] |
| Defendants. | ] |

MEMORANDUM OPINION

This case comes before the court on the "Defendants' Motion to Dismiss Amended Complaint" (doc. 50). The parties have fully briefed the issues and the court conducted a hearing on July 26, 2010. For the reasons stated on the Record and summarized below, the court finds the motion is due to be granted.

Plaintiff TracFone Wireless, Inc., originally filed suit in Federal Court for the Southern District of Florida against Defendants Alabama Commercial Mobile Radio Service Emergency Telephone Services Board and seven members of the Board individually and in their official capacities. After briefing limited to the question of venue, Judge Gold transferred this case to the Northern District of Alabama. In its First Amended Complaint, TracFone seeks declaratory relief related to the assessment of the Commercial Mobile Radio Service ("CMRS") emergency telephone service charge by the Board against it. Although it attempts to dress its claims in the robes of constitutional violations[1], the claims boil down to allegations that the CMRS 911

---

[1]The Amended Complaint raises vague assertions of violations of TracFone's constitutional rights, but never specifies those rights or precisely how the Defendants' actions infringed on those rights. The Defendants' Motion, however, only raises jurisdictional

1

Statute, Alabama Code §§ 11-98-6, *et seq.*, does not apply to prepaid wireless telecommunication services such as it offers, that the Board exceeded its regulatory authority when it drafted regulations applying the CMRS Service Charge to prepaid connections, that the action of the Board in doing so was arbitrary and capricious, that TracFone does not know the "place of primary use" of its products purchased through third-party retailers, and that it is unable to collect the monthly charge from its pay-as-you-go wireless customers. Plaintiff seeks in each of the three counts a declaration: (1) that the CMRS 911 Statute does not apply to prepaid wireless services; (2) that TracFone is not required to pay the fees enumerated in Alabama Code Section 11-98-7(b)(1) for sales of prepaid wireless services; (3) that the Defendants' actions with respect to prepaid wireless services have violated and continue to violate the CMRS 911 Statute's mandate of uniform application and the 911 Board's prohibition on increasing the rate of the CMRS Service Charge; (4) that, in seeking to impose the CMRS Service Charge on TracFone instead of on prepaid wireless customers, the Defendants deprived it of due process (Count 1), violated Equal Protection (Count II), and violated the Commerce Clause (Count III); and (5) that the Defendants exceeded their lawful authority. Plaintiff invokes 42 U.S.C. § 1983 to redress those alleged violations. (Amended Complaint, Doc. 27).

The Defendants moved to dismiss the amended complaint on three grounds. First, the Johnson Act, 28 U.S.C. § 1342, bars federal jurisdiction over claims challenging the constitutionality of state utility rate orders. Second, *Younger*[2] abstention prevents TracFone who

---

challenges and does not present a Rule 12(b)(6) challenge, so the court does not express any opinion on whether the complaint sufficiently pleads any constitutional violations.

[2]*Younger v. Harris,* 401 U.S. 37 (1971).

is the defendant in a state law enforcement action from challenging its state court prosecution in federal court via 42 U.S.C. § 1983. Third, Alabama's 911 Board is immune from suit in federal court under the Eleventh Amendment. (Motion to Dismiss, doc. 50). The court agrees that the Johnson Act precludes the exercise of jurisdiction in this case and does not reach the other asserted grounds.

Congress enacted the Johnson Act to curtail federal court interference with a state's control over its public utility rates. *See Tennyson v. Gas Serv. Co.,* 506 F.2d 1135, 1139 (10th Cir. 1974) . The Johnson Act reads:

> The district courts shall not enjoin, suspend or restrain the operation of, or compliance with, any order affecting rates chargeable by a public utility and made by a State administrative agency or a rate-making body of a State political subdivision, where:
> (1) Jurisdiction is based solely on diversity of citizenship or repugnance of the order to the Federal Constitution; and,
>
> (2) The order does not interfere with interstate commerce; and,
>
> (3) The order has been made after reasonable notice and hearing; and,
>
> (4) A plain, speedy and efficient remedy may be had in the courts of such State.

28 U.S.C. § 1342.

For the reasons stated on the Record, the court finds that all the requirements of the Johnson Act apply to this case. The threshold question addresses whether the amended complaint challenges any Board "order affecting rates." The complaint would not implicate the Johnson Act if it "can state a federal claim– and be entitled to relief– without encroaching on the

[Board's] orders and rate-setting authority." *US West, Inc. v. Nelson,* 146 F.3d 718, 722 (9th Cir. 1998). TracFone asks this court to "enjoin, suspend or restrain the operation of, or compliance with" the Board's order or regulations imposing the CMRS 911 rate against it. "Although the Johnson Act explicitly applies only to injunctive relief, it has been judicially extended to bar declaratory judgment and damages actions as well." *Carlin Commun., Inc. v. S. Bell Tel. & Tel. Co.*, 802 F.2d 1352, 1355 (11th Cir. 1986) (citing *Tennyson,* 506 F.2d at 11239 ).

TracFone argues that it is not challenging the 911 service charge *rate* and thus its complaint does not fall within the purview of the Johnson Act. Unlike the content restriction found not to involve rates in *Carlin*, if the court were to grant the relief requested by TracFone, it would "enjoin, suspend, or restrain operation of" the requirement that TracFone collect from or pay on behalf of its customers the $0.70 per month wireless 911 service charge imposed by the Board. TracFone is not challenging a policy or procedure of the Board apart from its rate-making authority. The imposition of the 911 service charge on prepaid wireless providers emanated from its authority given by the Alabama Legislature to levy and collect a statewide service charge on each wireless connection "that has a place of primary use" within Alabama. *See* Ala. Code §11-98-7(b)(1). Its decision to extend that service charge to prepaid providers such as TracFone is an integral part of the rate structure. Thus, the requested relief involves an "order affecting rates." *See US West,* 146 F.3d at 722-723 (holding that an accounting practice that "cannot be separated from its substantive expression in rate orders... is a challenge to 'any order affecting rates' as a matter of law."); *Tennyson*, 506 F.2d at 1140 ("the Johnson Act proscribes federal interference not with a 'rate' simpliciter but with 'any order affecting rates.'"); *J&A Realty v. City of Asbury Park,* 763 F. Supp. 85, 88-89 (D.N.J. 1991) (holding that the Johnson Act barred federal

jurisdiction although property owners argued that they challenged the components and *application* of the rate rather than the rate order itself). If the court were to grant the relief requested, *i.e.*, declare the application of the wireless 911 emergency service charge to a prepaid wireless void for any of the reasons asserted in the complaint, TracFone could use such an order to enjoin enforcement of the CMRS service charge against it. The Johnson Act precludes such indirect challenges as well as direct challenges to rate orders. *See US West*, 146 F.3d at 723.

TracFone also argues that the Johnson Act does not apply because it challenges a statute and not a rate order. (Doc. 64, pp. 8-9). The applicability of the Johnson Act, however, does not turn on how TracFone chooses to describe its grievances, but on the actual effect of its requested relief. *See US West*, 146 F.3d at 722. A review of the amended complaint discloses that the basis of TracFone's complaint is not the statute *per se* but the Board's levying of the statutory rate to prepaid wireless phones by its regulation (Ala. Admin. Code § 225-1-3-01) that TracFone claims improperly expanded the scope of the statute (Ala. Code § 11-98-7(b)(1)). Thus, the amended complaint challenges "an order affecting rates."

Having determined that the threshold requirement of the Johnson Act has been met, the court must next examine the four numbered requirements of the Act as set out above. The parties agree that the first requirement – the jurisdictional requirement – of the Johnson Act applies, but dispute whether this case invokes the remaining three requirements. The court finds that they also are met.

TracFone argues that the order requiring prepaid service providers to remit the 911 charge interferes with interstate commerce. It bases its argument on its inability to ascertain the "place of primary use" of its customers, and that even someone with an Alabama area code could live in

5

another state.  The Defendants counter that the regulation requiring payment of 911 charges applies only to prepaid connections within the state of Alabama and applies equally to in-state and out-of-state wireless providers.  See Ala. Code § 11-98-7(b)(1); Ala. Admin. Code § 225-1-3-.01.

Frequently state rate making actions may have some tangential effect or unintended influence on interstate commerce, but "[u]nless the effects of the policy amount to interference, the Johnson Act bars federal jurisdiction." *US West,* 146 F.3d at 724.   The court finds that the incidental and indirect effects on interstate commerce alleged by TracFone do not rise to the level of *interference* with interstate commerce required to preclude application of the Johnson Act. *See US West,* 146 F.3d at 724 (incidental and indirect effects on interstate commerce do not constitute "interference" under the Johnson Act); *Kalinsky v. Long Island Lighting Co.*, 484 F. Supp. 176, 178 (E.D.N.Y. 1980)  ("a rate issued by a proper state body does not interfere with interstate commerce unless it is directly burdensome or otherwise discriminatory of the interstate traffic.")

The third Johnson Act requirement also is met.  Although TracFone argues that it did not have notice of a hearing on the regulation, the administrative record belies that argument. The Certification of Administrative Rules Filed with the Legislative Reference Service for the Rules and Regulations of the Alabama Commercial Mobile Radio Service Emergency Telephone Service Board, §§ 225-1-1 through 225-1-5, submitted by the Defendants, certifies that the challenged regulation was enacted after reasonable notice and hearing.  In fact, the Certification confirms that the Board adopted the regulation after "various CMRS providers" proposed that it "delete inclusion of prepaid wireless service from the collection of service charges."  Neither due

process nor the "reasonable notice" requirement of the Johnson Act mandates proof of individual notice to the aggrieved party. *See, e.g., Dusenberry v. U.S.,* 531 U.S. 161, 122 S. Ct. 694, 700 (2002); *Tennyson,* 506 F.2d at 1141 ("Johnson Act does not engraft its own undefined standards of notice and hearing... but requires no more than that which is appropriate to an 'order affecting rates.'"). The fact that other CMRS providers objected to the application of the 911 service charge to prepaid wireless services demonstrates that the order was made after "reasonable notice and hearing."

The fourth Johnson Act factor requires the availability of a "plain, speedy and efficient remedy" in state court. The Defendants argue that the civil enforcement action pending against Tracfone in the Circuit Court of Madison County provides such a remedy via a counterclaim. TracFone argues that the sovereign immunity asserted by the Board would preclude such counterclaim. The immunity asserted in their motion to dismiss rests on the Eleventh Amendment that has no application in a state court proceeding. The Defendants assert that the Alabama Declaratory Judgment Act, Ala. Code § 6-6-223, provides a vehicle to obtain the relief TracFone seeks.

Alabama's sovereign immunity does not extend to declaratory relief or prospective injunctions sought against state officials in their official capacity. *See Ex parte Ala. Dept. of Fin.,* 991 So. 2d 1254, 1257 (Ala. 2008)*; Latham v. Dept. of Corrections,* 927 So. 2d 815, 821(Ala. 2005) ("There are four exceptions to sovereign immunity. A *state official* is not immune from an action that (1) seeks to compel a state official to perform his or her legal duties, (2) seeks to enjoin a state official from enforcing unconstitutional laws, (3) seeks to compel a state official to perform ministerial acts, or (4) seeks a declaration under the Declaratory

Judgments Act,§ 6-6-220 et seq., Ala. Code 1975, construing a statute and applying it in a given situation.") (emphasis added). The declaratory judgment exception to immunity applies only to state officials and not to state agencies. *See Ala. Dept. of Transp. v. Harbert Int'l , Inc.*, 990 So. 2d 831, 841 (Ala. 2008). However, TracFone can raise its constitutional and other challenges to the regulation as defenses to the enforcement action against it that also seeks a declaration of the validity of the statute and regulation. Thus, TracFone has available to it a "plain, speedy and efficient remedy" in state court.

Judge Steele recently addressed a similar question regarding the applicability of the Tax Injunction Act, 28 U.S.C. § 1341 that also requires "a plain, speedy and efficient" remedy for a taxpayer before the TIA will bar federal jurisdiction. *Deshazo v. Baldwin County,* 2006 LEXIS 51118 (S.D. Ala. 2006). Relying on the Alabama declaratory judgment act, he found that the taxpayer in that case had an adequate remedy in state court. In doing so, he noted that "the Eleventh Circuit has recognized the declaratory judgment procedure as providing an adequate remedy under the TIA." *Id*. at *13 (fn omitted). The same analysis applies to "a plain, speedy and efficient" remedy required by the Johnson Act.

Having found that all the requirements of the Johnson Act have been met, the court concludes that the Act bars federal jurisdiction over this case. Therefore, the Defendants' Motion to Dismiss will be granted, and the case dismissed without prejudice. The court will enter a separate order to that effect.

Done and Ordered this 30th day of July, 2010.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE